97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin GORDON, Defendant-Appellant.
 No. 96-1327.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 26, 1996.*
Decided Sept. 12, 1996.
 
 Before CUMMINGS, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Kevin Gordon's original sentence of 387 months imprisonment for a series of nine bank robberies was vacated by our decision in United States v. Gordon, 64 F.3d 281 (7th Cir.1995) (Gordon I). On remand the district court recalculated Gordon's guideline offense level and resentenced him to 235 months imprisonment.
 
 
 2
 Gordon appeals from his resentencing asserting that the district court exceeded its authority on remand by applying a three-level upward adjustment for possession of a dangerous weapon. It is claimed by Gordon that because we held the seven-level increase for discharge of a firearm under U.S.S.G. § 2B3.1(b)(2)(A) was improper, the district court was limited on remand to reducing the offense level by seven points.
 
 
 3
 This is an incorrect reading of our decision. We held only that the district court's calculation of a seven-level increase for discharge of a firearm was inappropriate when carried out by a non-participant in the crime. Apart from this limitation, the district court was free to consider all relevant facts in calculating the appropriate offense level under § 2B3.1 to determine Gordon's sentence.
 
 
 4
 The facts of this case that bear on the sentence imposed are set out in Gordon I. Gordon used a metal pipe to give the impression that he had a gun during the last bank robbery. Because the possession and display of the pipe gave the appearance of a dangerous weapon it must be treated as such. See U.S.S.G. § 1B1.1, App. Note 1(d); United States v. Robinson, 20 F.3d 270, 277 (7th Cir.1994).
 
 
 5
 Thus, where a dangerous weapon is brandished, displayed, or possessed, § 2B3.1(b)(2)(E) calls for an increase of three in the offense-level for robbery. The district court's calculation of a three-level increase for possession of a dangerous weapon was entirely correct.
 
 
 6
 The sentence imposed on remand is AFFIRMED.
 
 
 
 *
 This successive appeal has been assigned to the original panel, which has concluded that oral argument is unnecessary